18-3214-cv
*Deniz Eyuboglu v. Gravity Media, LLC*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of March, two thousand twenty.

PRESENT:    REENA RAGGI,
            DENNY CHIN,
            RICHARD J. SULLIVAN,
                    *Circuit Judges.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

DENIZ EYUBOGLU,
                    *Plaintiff-Appellant,*


            -v-                                    18-3214-cv

GRAVITY MEDIA, LLC,
                    *Defendant-Appellee.*


- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:            Deniz Eyuboglu, *pro se*, Jersey City, New
                                    Jersey.

FOR DEFENDANT-APPELLEE:          Andrew S. Hoffman, Hoffman & Associates, New York, New York.

Appeal from the United States District Court for the Southern District of New York (Swain, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Proceeding *pro se*, plaintiff-appellant Deniz Eyuboglu appeals from the district court's judgment, entered September 30, 2018, dismissing her claims against defendant-appellee Gravity Media, LLC ("Gravity"). By memorandum opinion and order entered September 28, 2018, the district court granted Gravity's motion for summary judgment. In her complaint, Eyuboglu, who was then represented by counsel, alleged violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and state law in connection with Gravity's termination of her employment. On appeal, Eyuboglu contends principally that the record presents disputed issues of material fact that preclude the granting of summary judgment. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Eyuboglu worked for Gravity from 2011 until her dismissal on December 22, 2015. Eyuboglu, who is a Turkish national and Muslim, alleged that Gravity

2

#

discriminated against her on the basis her religion and national origin, and, that, after

she filed a complaint with the Equal Employment Opportunity Commission (the

"EEOC"), Gravity retaliated against her by dismissing her.

We review a grant of summary judgment *de novo*, "resolv[ing] all

ambiguities and draw[ing] all inferences against the moving party." *Garcia v. Hartford*

*Police Dep't*, 706 F.3d 120, 126-27 (2d Cir. 2013). "Summary judgment is proper only

when, construing the evidence in the light most favorable to the non-movant, 'there is

no genuine dispute as to any material fact and the movant is entitled to judgment as a

matter of law.'" *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R.

Civ. P. 56(a)).

Employment discrimination and retaliation claims under Title VII are

analyzed under the *McDonnell Douglas* burden shifting framework. *McDonnell Douglas*

*Corp. v. Green*, 411 U.S. 792, 802-05 (1973). Under this framework, a plaintiff must first

establish a *prima facie* case of discrimination (or retaliation), with the burden then

shifting to the employer to articulate a legitimate, non-discriminatory (or non-

retaliatory) reason for the adverse action. *Id.* at 802. If the employer satisfies its

burden, the plaintiff must then show that the reasons presented were a "pretext for

discrimination" (or retaliation). *Lenzi v. Systemax, Inc.*, 944 F.3d 97, 108 (2d Cir. 2019).

To survive summary judgment, "[t]he plaintiff must produce not simply some evidence,

3

#

but sufficient evidence to support a rational finding that the legitimate, non-discriminatory reasons proffered by the defendant were false, and that more likely than not discrimination (or retaliation) was the real reason for the employment action." *Weinstock v. Columbia Univ.*, 224 F.3d 33, 42 (2d Cir. 2000) (internal quotation marks and alterations omitted).

While discriminatory remarks may constitute evidence of discrimination, in some circumstances they may amount to no more than stray remarks that are not sufficient to support a jury verdict in the plaintiff's favor. *See Tomassi v. Insignia Fin. Grp., Inc.*, 478 F.3d 111, 115 (2d Cir. 2007); *see also Lenzi*, 944 F.3d at 112 (in determining whether "stray remarks" constitute evidence of discrimination, courts consider four factors: who made the remark, when the remark was made in relation to the employment decision at issue, the content of the remark, and the context of the remark).

Finally, to establish a *prima facie* case for retaliation, a plaintiff must show, *inter alia*, "that the defendant knew of the protected activity." *Littlejohn v. City of New York*, 795 F.3d 297, 316 (2d Cir. 2015). In evaluating whether this burden is met in the context of summary judgment, "the court's role . . . is to determine only whether proffered admissible evidence would be sufficient to permit a rational finder of fact to infer a retaliatory motive." *Jute v. Hamilton Sundstrand Corp.*, 420 F.3d 166, 173 (2d Cir. 2005).

4

#

Here, even assuming that Eyuboglu presented evidence sufficient to establish a *prima facie* case of discrimination and/or retaliation, we conclude that no reasonable jury could find that she was dismissed for a discriminatory or retaliatory reason. As Eyuboglu conceded, she informed Gravity that she was looking for another position, and Gravity presented evidence that this was the motivation for her dismissal. Further, only one of the allegedly discriminatory comments identified by Eyuboglu referenced her nationality or religion -- the comment by a co-worker that she was a "Turkish dominant" -- and only one comment -- that Eyuboglu's eyes "looked weird" -- was made by a decision-maker. J. App'x at 32-33. Indeed, Eyuboglu testified that she did not believe the person who fired her was biased against Muslims or Turkish persons.

The comments are therefore properly considered "stray remarks" insufficient to support a claim of discrimination. *See Lenzi*, 944 F.3d at 112. Finally, Eyuboglu failed to present evidence from which a reasonable jury could find that Gravity was aware of the EEOC charge when it dismissed her. *See Littlejohn*, 795 F.3d at 316; *see also Jute*, 420 F.3d at 172-73 (filing of an EEOC charge constitutes protected activity). Accordingly, we conclude that the district court did not err when it granted Gravity's motion for summary judgment.

\* \* \*

5

#

We have considered Eyuboglu's remaining arguments and conclude they are without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court. Further, Gravity's motion to strike portions of the brief and appendix is **DENIED** as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6

\#